ULPIANO VÉLEZ, ETC., EX REL JUAN GONZÁLEZ ET AL., Plaintiffs and Appellees, v. ATLAS LINE, INC., and U. S. CASUALTY Co., Defendants and Appellants.

No. 11342. Argued November 3, 1954.—Decided October 28, 1955.

736

*Leopoldo Tormes García* and *Rafael Atiles Moréu,* and *Emilio de Aldrey* for appellants. *Rafael Hernández Matos* for appellee *González Caquías.* *Donald R. Dexter* and *G. Wiscovitch* for the State Insurance Fund.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This collision was caused when a public-service automobile owned by the defendant Atlas Line, Inc. intercepted the right of way of a municipal ambulance which was transporting a sick person to the Tricoche Hospital. As is always the case with traffic accidents, there are two theories as to how the accident took place and two hypotheses on the extracontractual liability or Aquilian fault. 4 Castán, *Derecho Civil Español, Común y Foral* 775 *et seq.,* 778 (7th ed. by Instituto Editorial Reus, 1952); IV–II Puig Peña, *Tratado de Derecho Civil Español* 567 *et seq.,* 568 (1951 ed. by Editorial Revista de Derecho). The trial court accepted the theory presented by plaintiff's evidence. After a careful examination of the transcript of the evidence, we are agreed that there is sufficient evidence to support the findings of fact, and that an analysis thereof does not reveal that they are clearly erroneous; and, therefore, we cannot exercise our traditional power to set them aside.

Regarding the extracontractual responsibility,

there is no question that § 17 (*g*) of the Automobile and Traffic Act of Puerto Rico (Act No. 279 of April 5, 1946, Sess. Laws, p. 598), 9 L.P.R.A. 187, in its last paragraph provides as follows: "Every motor vehicle driver shall cede the right of way to fire engines, *ambulances*, and insular police vehicles, *when they are engaged in emergency activities*, and when the drivers of said vehicles give audible signal, such as bells, sirens, or whistles; every driver shall, at the approach of said emergency vehicles sounding such audible signal, shall draw well to the right and stop the vehicle until the emergency vehicle has passed." As will be seen, the right of way is determined by (1) an emergency activity and (2) an audible signal given by the warning apparatus of the ambulance.

The evidence is clear that when the collision occurred the driver of the ambulance was transporting a sick person to the Tricoche Hospital; that from the time the ambulance came out of Intendente Ramírez Street until it approached the intersection of Arenas and Atocha Streets it sounded the siren continuously, which was heard by the witnesses of plaintiff-appellee as well as by those of defendants-appellants. (González, Tr. Ev. 38; Chacón, Tr. Ev. 62, 63, 68; Rodríguez Morell, Tr. Ev. 85–86; Díaz Vélez, Tr. Ev. 98–99; Sotomayor, Tr. Ev. 118, 119–120; Tooker, Tr. Ev. 142; Pérez, Tr. Ev. 155–60; Álvarez, Tr. Ev. 160, 166, 167; Clivillés, Tr. Ev. 176–77.)

The driver of the ambulance had the right to assume that the road would be clear, not only because of the emergency activity in which he was engaged but also because of the audible signal which he was giving. The principal tutelary care in a situation such as this is by law imposed upon the operator of the vehicle engaged in a normal activity of transportation and not upon the operator of a vehicle engaged in emergency transportation. Although an emergency activity does not confer upon the driver of an ambulance the right to sweep away everything in his path, with-

out exercising care for the safety of the lives and property of others, it does give him the right to preferential use of the right of way at a greater speed than would ordinarily apply to another operator of a transportation vehicle.

This being so, it was the duty of the driver of the passenger vehicle to stop immediately and not to attempt to cross at the intersection of the main thoroughfare, in this case Arenas Street, on which the ambulance was travelling. Regarding this obligation, the authorities make no distinction between vehicles travelling on the same thoroughfare as the emergency vehicle and those approaching from adjoining or intersecting throughfares. Blashfield's *Cyclopedia of Automobile Law and Practice*, vol. 1, part 2, p. 736, § 802 (1948 ed. by Vernon Law Book Company and West Publishing Company, kept up to date by annual supplements.) We cannot therefore consider as an exemption from culpability the fact that the collision occurred at an intersection of thoroughfares. Regarding the speed limit applying to an emergency vehicle, see § 803 at p. 743 of the same treatise.

The fact that the driver of the passenger vehicle did not stop immediately and attempted to cross Arenas Street on which the ambulance was travelling, is a patent violation of a legal obligation and an illegal act proscribed by the well-known causality maxim: "The cause of the cause is the cause of the effect." This as respects the first assignment of error.

We disagree with the second assignment relative to the amount of the damages. The inflationary structure of our times has compelled us for some years past to set a value different from the purely compensatory aspect of the damages. The fracture of a collarbone, consolidated by a callus of the bone, undoubtedly represents a partial anatomic limitation of a permanent character, and the sum of $5,000 is not so disproportionate to the damage sustained as alleged by defendants-appellees. We do not question the legality of

the damages resulting from physical suffering—*pecunia doloris*—and moral damages. *Pagán v. Guardiola, ante*, p. 372 (Belaval).

■ Regarding the third assignment charging that the judgment is a partial judgment given by the court for the benefit of only one of the plaintiffs, when the case of the other plaintiff is still pending the introduction of evidence on the damages, notwithstanding the allegations, the transcript discloses that the case of plaintiff-appellee before us was regarded as terminated and submitted. But even if it were not so, such judicial action is authorized under Rule 13 (*i*) of the Rules of Civil Procedure of Puerto Rico.

Since we are dealing with a case of subrogation pursuant to § 31 of Act No. 45 of April 18, 1935 (Sess. Laws, p. 250), as amended by Act No. 16 of April 12, 1948 (Sess. Laws, p. 28), the judgment will be modified so as to order the reimbursement to the State Insurance Fund of the expenses incurred in connection with laborer Juan González Caquías.

The judgment appealed from, as amended in the manner stated, will be affirmed.

Mr. Justice Marrero did not participate herein.